**HISNI KOKA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 03–41178–ag.

United States Court of Appeals, Second Circuit.

June 5, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Daniel G. Bogden, United States Attorney, District of Nevada, Robert L. Ellman, Chief, Appellate Division, Las Vegas, NV, for Respondent.

Present: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 5th day of June, two thousand and six.

UPON DUE CONSIDERATION, of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED. It is further ORDERED that the motion for leave to file supplemental exhibits is DENIED as moot.

Koka, a native and citizen of Albania, appeals from the BIA's order affirming Immigration Judge ("IJ") Adam Opaciuch's order denying his application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ Substantial evidence supports the IJ's finding that Koka did not suffer past persecution. As an initial matter, the IJ was correct in his determination that Koka's family's long history of confrontation with the Communist Party has very little bearing on his case because of the fact that the Communist Party is no longer in existence in Albania. The IJ was also correct in his determination that Koka's 1990 arrest was not based on one of the five grounds enumerated in the Immigration and Nationality Act ("Act"). The record shows that Koka was arrested in 1990 because he violated a government travel control regulation, not because of his political beliefs. The IJ also correctly noted that Koka's detention for helping a local candidate would not amount to past persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (persecution does not encompass all treatment that society regards as unfair, unjust, or even unlawful or unconstitutional).

■ The IJ noted that, although Koka's family had problems with the Socialist Party because of the land reform, this land reform affected everyone in Albania. The IJ correctly stated that there was nothing in the record to indicate that the police in Albania wanted to arrest Koka because of his race, religion, nationality, political opinion, or membership in a particular social group. The IJ properly noted that although it may have been an accident, Koka assaulted a police officer, and that is the

reason why the police sought to arrest him. Although Koka's problems with the Albanian police may be serious, the IJ was correct that it is not a basis for him to establish future persecution on account of one of the five enumerated grounds in the Act.

Koka argues that his family is part of a social group of small "landed" families. This argument must fail. As an initial matter, this social group claim was not argued at the agency level. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006) (a petitioner must raise issues to the agency in order to preserve them for judicial review). Moreover, Koka did not submit any testimony or evidence to establish that his family was among a small group of "landed" families specifically targeted by the Socialist Party because of their land.

 Substantial evidence also supports the IJ's finding that country conditions have changed in Albania. The IJ pointed out that the Albanian Government is no longer controlled by the Communist Party, but Koka is of the belief that the current government is the same as the old Communist Government. However, Koka did not submit any documentation to support that claim.

In his appeal to the BIA, Koka failed to meaningfully challenge the IJ's denial of his withholding of removal and CAT claims; therefore, this Court lacks the jurisdiction to review those claims. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). The motion for leave to file to file supplemental exhibits is DENIED as moot.